IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 96-30987-WDS |
| ) | |
| ERIC G. HARLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion to reduce, modify or correct sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant seeks review of his sentence, and the retroactive application of amendments 487 and 591 of the Guidelines to his sentence.

**ANALYSIS**

The provisions of § 3582 permit a court to reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. This statute does not, however, allow a defendant to file a motion based on new case law or rulings. In fact, this Court's review under § 3582 is limited to the effect of the post-sentencing amendment on the guideline range. *See, eg. United States v. Smith,* 438 F.3d 796, 799 (7th Cir. 2006); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000); *United States v. Jordan*, 162 F.3d 1, 5 (1st Cir. 1998); *United States v. Tidwell*, 178 F.3d 9436, 949 (7th Cir. 1999) (a §3582(c) proceeding is not a "do-over of an original sentencing proceeding."). The Seventh Circuit has held that "[b]ecause § 3582 limits the substantive authority of the district court, it is a real

'jurisdictional' rule rather than a case-processing requirement." *Smith,* 438 F.3d at 799.

A district court must be authorized by statute or rule to reduce a sentence that has become final. See 18 U.S.C. § 3582(c); *Romandine v. United States*, 206 F.3d 731, 734-35 (7th Cir. 2000); *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005); *United States v. Barragan- Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). Section 3582(c)(2) is one source of authority, but it applies only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

**A.     Amendment 487**

Amendment 487 has not been made retroactive by the Sentencing Commission, and is not listed in U.S.S.G. § 1B1.10(c). Therefore, the defendant is not entitled to review of his sentence pursuant to § 3582. Defendant's motion with respect to Amendment 487 would be one that could, however, be reviewed as a post-conviction motion under 28 U.S.C. §2255. As the court stated in *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005),

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.

However, the defendant has already had his one habeas filing, *Harley v. United States*, 00-CV-759-WDS, which was dismissed by this Court on March 2, 2001. The Seventh Circuit has declined to issue an order authorizing this Court to entertain a second or successive petition. *See Harley v. United States*, No 04-1561 (7th Cir. March 23, 2004) and *Harley v. United States*, No. 04-3563 (7th Cir. October 8, 2004). Defendant also sought review pursuant to 28 U.S.C. §2241,

which was denied on November 1, 2006, *see Harley v. Revell*, 06-cv-697-DRH.  Therefore, the Court **DISMISSES** defendant's motion for review of Amendment 487 pursuant to 18 U.S.C. § 3582 for lack of jurisdiction.

**B.** **Amendment 591**

Amendment 591, unlike Amendment 487, is included in the list of amendments which are subject to review under §3582.  U.S.S.G. §1B1.10(c).  Amendment 591 amended U.S.S.G. §§ 1B1.1 and 1B1.2 to require courts to select the Chapter 2 offense guideline prescribed for the offense of conviction from the Statutory Index.   Appendix A of the guidelines manual provides a method of connecting statutory offenses with offenses in the guidelines and directs courts on how to score various factors to calculate an offense level.  Amendment 591 does not eliminate the Court's review of a defendant's relevant conduct in determining a sentence, but rather, instructs the sentencing court to select an offense guideline from Chapter 2 of the Guidelines Manual in order to determine the proper offense level.

 Defendant asserts that his Sixth Amendment rights were violated because he was not found guilty of all facts essential to the determination of "reasonable doubt." He does not specify *how* that contention directly applies to his conviction, but does assert that the Court's determination of conduct for sentencing was improper and that the jury should have been asked to make this determination.  Although he not does specifically raise either *Apprendi v. New Jersey*, 530 U.S. 466 (2000)  or *United States v.* Booker, 543 U.S. 220 (2005)  it does appear that he is attempting to claim that his sentence was somehow in violation of *Apprendi* and *Booker*.  However, it is well settled that although § 3582(c) allows a defendant to file a motion to reduce sentence based on appropriate retroactive amendments to the guidelines, it does not allow a defendant to seek a reduction in sentence based on new case law.  *United States v. Moreno*, 421

F.3d 1217, 1220-21 (7th Cir. 2005). The only proper way to raise either an *Apprendi* or *Booker* claim is in a properly supported § 2255 motion. However, as previously noted, the defendant has already had his one habeas filing, and has not received permission from the Court of Appeals to file a second or subsequent petition.

Even if the relief defendant seeks is not covered by *Apprendi* or *Booker*, the Court **FINDS** that he is not entitled to relief. Amendment 591 did not act to prohibit courts from using relevant conduct, like drug quantities, to determine the offense level, rather, it merely instructs courts to use the offense guidelines in Chapter 2 to determine the offense level. *United States v. Kosmel*, 272 F.3d 501, 507 (7th Cir. 2001); *United States v. Rivera*, 293 F.3d 584, 586-87 (7th Cir. 2002). In this case, the Court used the offense level as set forth in § 2D1.1 to determine the defendant's base offense level. Simply put, the defendant is not entitled to relief under the retroactive application of Amendment 591 to his criminal conviction and sentence.

Therefore, upon review of the record, the Court **FINDS** that neither Amendment 487 nor Amendment 591 afford the defendant any relief in this matter and his motion to reduce, modify or correct sentence pursuant to 18 U.S.C. § 3582(c)(2), is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED: April 12, 2007.**

                                     s/ WILLIAM D. STIEHL
                                        **DISTRICT JUDGE**